UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELAYNE SEIDMAN<br><br>                            Plaintiff,<br><br>  - against -<br><br>UPROXX MEDIA, INC.<br><br>                            Defendant. | Docket No. 17-cv-8215<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Helayne Seidman ("Seidman" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Uproxx Media, Inc. ("Uproxx Media" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1.  This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Suzanne Mendonca. The photograph is owned and registered by Seidman, a New York-based professional photographer. Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.  This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Seidman is a professional photojournalist having a usual place of business at 16 St. Marks Place, Apt. 4B, New York, NY 10003.

6. Upon information and belief, Uproxx Media is a foreign business corporation duly organized and existing under the laws of Delaware with a place of business at 580 Broadway, #400, New York, NY 10012.

7. Upon information and belief, Uproxx Media is registered with the New York Department of State, Division of Corporations to do business in the State of New York.

8. At all times material hereto, Defendant has owned and operated the website at the URL: www.brobible.com (the "Website").

9. Defendant is a for-profit entity.

10. Defendant's Website publishes news content.

## STATEMENT OF FACTS

**A.   Background and Plaintiff's Ownership of the Photograph**

11. Seidman photographed a woman named Suzanne Mendonca (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

12. Seidman then licensed the Photograph to the New York Post.

13. On May 22, 2016, the New York Post ran an article that featured the Photograph on its web edition entitled *'Biggest Loser' drugged us so we'd lose weight* . See

http://nypost.com/2016/05/22/biggest-loser-fed-us-illicit-drugs-to-lose-weight-ex-contestants/

14. The New York Post included an authorship credit (also known as a "gutter credit") below the Photograph which clearly identified Seidman as the author of the Photograph. A true and correct copy of the New York Post article is attached hereto as Exhibit B.

15. Seidman is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

16. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-006-115, effective as of June 7, 2016 (the "Certificate"). A true and correct copy of the Certificate is attached hereto as Exhibit C.

**B.     Defendant's Infringing Activities**

17. On or about May 22, 2017, Defendant ran an article on the Website entitled *'Biggest Loser' Contestants Revealed All Those Dirty Secrets About the Show Behind-The-Scenes And They're Real Bad.  See* http://brobible.com/entertainment/article/biggest-loser-contestants-were-given-drugs/ (the "Article")

18. Defendant's Article prominently featured the Photograph. A screenshot of the Article as it appears on the Website, as well as a print-out of relevant pages from the Article, are attached hereto as Exhibit D.

19. Commercial advertisements on Defendant's Website appear adjacent to, below or above the Photograph.

20. Defendant did not obtain an express license from Plaintiff to publish the Photograph on the Website.

21. Defendant did not obtain an implied license from Plaintiff to publish the Photograph on the Website.

22. Defendant did not have Plaintiff's permission or consent to publish the Photograph on its Website.

23. Prior to publishing the Photograph on its Website, Defendant did not communicate with Seidman.

24. Subsequent to publishing the Photograph on its Website, Defendant did not communicate with Seidman.

25. Upon information and belief, Defendant removed Seidman's authorship credit from the Article on its Website.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST UPROXX MEDIA)
(17 U.S.C. §§ 106, 501)

26. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-25 above.

27. Defendant infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

28. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

29. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

30.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

31.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

32.     Plaintiff is further entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

33.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### (INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST UPROXX MEDIA)
### (17 U.S.C. § 1202)

34.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-33 above.

35.     When the Photograph was published in an article in the New York Post, the article contained copyright management information under 17 U.S.C. § 1202(b).

36.     Upon information and belief, Defendant copied the Photograph from the New York Post, which contained copyright management information, and pasted it on the Website.

37.     Upon information and belief, Defendant intentionally and knowingly removed copyright management information identifying Seidman as the author of the Photograph.

38.     The conduct of Defendant violates 17 U.S.C. § 1202(b).

39. Upon information and belief, Defendant's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

40. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Defendant also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photograph.

41. As a result of the wrongful conduct of Defendant as alleged herein, Plaintiff is entitled to recover from Defendant the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Defendant because of its violations of 17 U.S.C. §1202, including attorney's fees and costs.

42. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Uproxx Media be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant Uproxx Media be ordered to remove the Photograph from its Website;

3. That Defendant Uproxx Media be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202;

4. That, with regard to the First Claim for Relief, Plaintiff be awarded either: (a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or (b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

5. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

6. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
October 25, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/jameshfreeman
    James H. Freeman
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
JF@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
*Helayne Seidman*